### LEVY v. DATTLEBAUM et al.

(Circuit Court, S. D. New York. October 4, 1894.)

1. PATENTS—ISSUANCE TO JOINT INVENTORS.
    Issuance of a patent to "T. and L., of the firm of T. & L.," puts the legal title in the parties jointly, and not in the firm.

2. SAME—REQUISITES OF ASSIGNMENT.
    Where the legal title to a patent used in the business of a firm is in the partners jointly, an assignment by one partner to the other of all goods and machinery, etc., "and all other property whatever belonging to said firm, and all his rights, title, and interest therein," does not convey the legal title to the patent. An instrument assigning a patent should distinctly describe the patent, though description by name, number, and date is not indispensable.

3. SAME—PRACTICAL CONSTRUCTION OF ALLEGED ASSIGNMENT.
    One of two joint patentees, who were partners in business, gave to the other, on the dissolution of the firm, a writing which the latter claimed operated as an assignment of the patent. It appeared, however, that after the execution of that instrument each gave the other a license under the patent. Held, that this was a practical construction of the prior instrument, and implied that each still owned an interest in the patent.

This was a bill by Charles M. Levy against Dattlebaum & Friedman for infringement of a patent.

H. A. West, for complainant.
Arthur Murphy, for defendants.

TOWNSEND, District Judge. This is a bill in equity for the infringement of letters patent No. 389,776, granted September 18, 1888, to Otto Thie and the complainant, as joint inventors of an interchangeable ring. The defenses are invalidity of patent, and license from Otto Thie. At the time of the application for the patent, said Otto Thie and the complainant were partners in the jewelry business, under the name of Thie & Levy. The application for the patent describes them as "Otto Thie and Charles M. Levy, of the firm of Thie & Levy." The fees for procuring the patent were paid by the firm. The firm used the invention in its business. On January 21, 1890, the firm was dissolved by a written agreement, which included an assignment from Thie to Levy of the goods, machinery, etc., "and all other property whatever belonging to said firm of Thie & Levy, and all his rights, title, and interest therein." Levy assumed the payment of certain obligations of the firm. Afterwards, on June 5, 1890, Levy and Thie made a settlement, in which Thie gave Levy an instrument called a counterbond. This was a bond by Henry Jaeger and Thie, containing, among other things, the following:

"Whereas, certain controversies have since arisen between them (Thie and Levy), &c.; and whereas, certain claims have been made as to the rights of said Levy to manufacture under certain United States letters patent, heretofore taken out in the name of Thie and Levy: Now, therefore, if the said Otto Thie and the said Henry Jaeger shall indemnify and hold the said Charles M. Levy, his heirs, executors, and administrators, free and harmless from the payment in whole or in part of any claim against the aforesaid firm, &c., or from any claim of said Otto Thie or his assigns against said Levy, by reason of his manufacturing under said letters patent, then this obligation to be void; otherwise, to remain in full force and virtue."

The patent referred to in said counter bond is the one in question. Levy testified, and it was not denied, that he at the same time gave Thie a license to manufacture under the patent. Thie, when testifying for the defendants, declined, upon cross-examination, under advice of defendants' counsel, to produce the license. Defendants produced in evidence a license from Thie, dated January 10, 1890, 11 days before the dissolution of the partnership, to manufacture under patent No. 389,779, no royalty to be paid for two years. The number of the patent is manifestly a clerical error, and the patent referred to is the one in question. Dattlebaum, one of the defendants, testified that they obtained this license before the dissolution of the partnership, but after he had heard that it was to be dissolved. Complainant claimed the said license was not in fact made until after the dissolution of the partnership, and that, if made at the time of the date, Thie had no right to make it, and that under the circumstances it was not taken bona fide. Complainant testified that the patent was partnership property. Thie testified that he alone made the invention, and that the patent was his own personal property. Complainant claimed that the legal title to the patent was originally in the partnership, that Thie's interest passed to Levy by the assignment "of all other property whatever belonging to said firm," and that the license to Thie was conclusive proof that Thie's only interest in the patent after the dissolution of the part-

nership was as licensee from Levy. Defendants claimed that the patent was void, as having been fraudulently obtained as a joint patent, when it was the sole invention of Thie; that it was void by reason of prior use; that Thie was a joint owner, and had a right to license.

I do not think it necessary to pass upon the various charges of fraud, or the question of the validity of the patent. I hold that the legal title to the patent, when issued, was in Levy and Thie jointly, not in the partnership, and that, as the legal title was never conveyed to the partnership, the assignment of "all other property" of the partnership did not convey the legal title to the patent. Assignments of patents ought always to distinctly describe the patent assigned. It is the duty of assignees of patents to see that their assignments do distinctly describe the patents, and if the language of the assignment contains no reference to the patent, but leaves in doubt the question of whether the patent was intended to be included, I think the doubt ought to be resolved against the assignee, in suits between him and third parties, until he has obtained a clear conveyance.

I do not assent, however, to the claim of the defendants that an assignment which does not identify the patent by name, number, and date cannot convey a title to the patent. If the legal title to the patent had been assigned to the partnership, as such, the conveyance by Thie would have been sufficient. Railroad Co. v. Trimble, 10 Wall. 367.

Furthermore, in the present case, I think the acts of the parties decide the question against the claims of the complainant. The "counter bond," so called, of June 5, 1890, clearly contains a license from Thie to Levy to use this patent. Thie and Levy on that day, in settlement of their difficulties, gave each to the other a license to use this patent. The fact that the license was given by each to the other seems to me to have precisely the contrary effect to that claimed by complainant's counsel for the license to Thie. It was a practical interpretation by the parties of their prior agreements, and implied that the whole title to the patent was not in the complainant. I think this practical construction should prevail, even if there were serious doubt as to where the legal title rested. Such practical construction is now recognized by the courts as controlling wherever the intent is doubtful, and is sometimes allowed to prevail even against the literal terms of the instrument. District of Columbia v. Gallaher, 124 U. S. 506, 8 Sup. Ct. 585; Central Trust Co. v. Wabash, St. L. & P. Ry. Co., 34 Fed. 254. If complainant has an equitable title, I think he should make Thie a party to his suit. If judgment were rendered for the complainant in this action, Thie might still sue Levy for his royalties, and other evidence might be presented in such suit. Also, there is no evidence that the assignment which it is admitted Levy gave to Thie was not transferable; and, if Thie had no other title, it may be that defendant would be entitled to the benefit of it, especially as complainant has never recorded his alleged assignment. Let a decree be entered dismissing the bill.